UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
MAY 0 6 2005

CLERK

```
******************************************************************
                                    *
BARRY LEBEAU, Individually and on   *     CIV 02-4168
on behalf of all other persons similarly *
situated,                           *
                                    *
              Plaintiff,            *
                                    *     ORDER
    -vs-                            *
                                    *
UNITED STATES OF AMERICA,           *
                                    *
              Defendant.            *
                                    *
******************************************************************
```

The Court issued an Order, Doc. 98, on April 20, 2005, directing Defendant to deposit the class damage award with the Clerk of Court, on or before May 16, 2005, in the amount of $1,827,985.80. On May 2, 2005, Defendant filed a Motion for Reconsideration or in the Alternative to Set Aside Order, Doc. 100. The Court requested a response from Plaintiff by May 6, 2005, in light of the May 16, 2005 deadline in the Court's Order, Doc. 98. Plaintiff filed a response on May 5, 2005.

Defendant contends that there must be a final judgment in this case before it is allowed by law to pay the damage award to the Clerk of Court. *See* 31 U.S.C. § 1304. Plaintiff does not dispute Defendant's contention regarding its inability to pay the damage award at this time. The Court recognized in an Order, dated November 18, 2004, Doc. 95, that a judgment has not been entered in this case and stated that a judgment would not be entered until this litigation is complete. The Defendant, however, has explained that until a judgment has been entered and it becomes final by the expiration of the time for appeal or resolution of all appeals, it is prohibited by law from paying the class damage award to the Clerk of Court. In light of these circumstances, the Court will enter judgment on the merits of Plaintiff's and the Class' claims. Despite the entry of judgment on the

merits of the claims in this class action, the Court retains jurisdiction to determine any issues and enter any appropriate Orders relating to distribution of the classwide damage award in this case. *See* Newberg on Class Actions 4th § 10:17 at p. 517 (2002) (explaining that, "[w]hen aggregate damages for the class are awarded, the litigation is ended from the defendant's standpoint except for payment of the judgment or appeal therefrom. A third stage of litigation remains to determine the distribution of the classwide damage award. This stage is a nonadversary proceeding."). Accordingly,

IT IS ORDERED:

1. That Defendant's Motion For Reconsideration or In the Alternative Motion to Set Aside Order, Doc. 100, is granted in part to the extent that Defendant is not required to pay the class damage award to the Clerk of Court until the Judgment in this case becomes final and further Order of this Court, and the motions is denied in all other respects.

2. That Paragraphs 6 through 9 of the Court's Order, Doc. 98, filed on April 20, 2005, are hereby suspended until further Order of the Court, and Paragraph 11 of the Order is hereby vacated. The other portions of the Order, Doc. 98, remain in effect.

3. That the Defendant shall notify the Court that the Judgment in this case is final within five working days of the date on which the Judgment in this case becomes final.

4. That the Court retains jurisdiction, notwithstanding the entry of Judgment on the merits of the claims in this case, to determine any and all issues relating to the distribution of the classwide damage award in this case and to enter such Orders as are necessary to distribute the classwide damage award.

Dated this ___ day of May, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*

2